**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KKR & CO. GP LLC,<br><br>          Plaintiff,<br><br>       v.<br><br>ABIGAIL SLATER, in her official capacity as<br>ASSISTANT ATTORNEY GENERAL OF THE<br>UNITED STATES FOR THE ANTITRUST<br>DIVISION, UNITED STATES DEPARTMENT OF<br>JUSTICE, the FEDERAL TRADE COMMISSION, and<br>UNITED STATES OF AMERICA,<br><br>          Defendants. | 25 Civ. 448 (JHR) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANTS' MOTION TO DISMISS THE COMPLAINT</u>**

JAY CLAYTON
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2761 / 2765

CHRISTOPHER K. CONNOLLY
RACHEL KROLL
Assistant United States Attorneys
   – Of Counsel –

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ................................................................................................................... 2

ARGUMENT ........................................................................................................................ 4

A.    Standards of Review ................................................................................................ 4

B.    The Court Should Decline to Exercise Jurisdiction Over This Action .............................. 5

C.    If The Court Exercises Its Jurisdiction, It Should Dismiss KKR's Claims ...................... 10

D.    In The Alternative, the Court Should Stay This Case Pending Resolution of the Antitrust Division's Enforcement Action ............................................................................... 12

CONCLUSION .................................................................................................................... 14

## **TABLE OF AUTHORITIES**

### **Cases**

*Adam v. Jacobs*, 950 F.2d 89 (2d Cir. 1991) ................................................................. 12

*Admiral Insurance Co. v. Niagara Transformer Corp.*, 57 F.4th 85 (2d Cir. 2023) ........... 6, 9, 10

*American Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352 (2d Cir. 2016)........... 10

*AmSouth Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004) .................................................... 9

*Amusement Industry, Inc. v. Stern*, 693 F. Supp. 2d 301 (S.D.N.Y. 2010) ........................... 6, 8, 9

*APWU v. Potter*, 343 F.3d 619 (2d Cir. 2003) ................................................................ 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................... 5

*Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635 (2d Cir. 2005) ........................ 4

*Baez-Fernandez v. I.N.S.*, 385 F. Supp. 2d 292 (S.D.N.Y. 2005)...................................... 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................... 5

*Buntrock v. SEC*, 347 F.3d 995 (7th Cir. 2003).............................................................. 9

*Cheffer v. Reno*, 55 F.3d 1517 (11th Cir. 1995) ............................................................ 12

*Chevron Corp. v. Naranjo*, 667 F.3d 232 (2d Cir. 2012) ................................................ 10

*City of Oakland v. Holder*, 901 F. Supp. 2d 1188 (N.D. Cal. 2013) ................................ 11

*Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000).............................................. 12, 13, 14

*Dish Network, L.L.C. v. American Broadcasting Companies, Inc.*, No. 12 Civ. 4155 (LTS)
(KNF), 2012 WL 2719161 (S.D.N.Y. July 9, 2012) ................................................ 8

*Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357 (2d Cir. 2003) .................................... 6

*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384 (2d Cir. 2005)............... 5, 6

*Employers Ins. of Wausau v. Fox Entertainment Group, Inc.*, 522 F.3d 271 (2d Cir. 2008) ......... 8

*Endo Pharmaceuticals Inc. v. FTC*, 345 F. Supp. 3d 554 (E.D. Pa. 2018) ........................ 11

*Estrella v. Menifee*, 275 F. Supp. 2d 452 (S.D.N.Y. 2003) ........................................................ 10

*FTC v. Standard Oil Co.*, 449 U.S. 232 (1980) ............................................................................ 11

*In re Cuyahoga Equipment Corp.*, 980 F.2d 110 (2d Cir. 1992) .................................................. 13

*In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726 (2d Cir. 1993) .......................................... 10

*Interscope Records v. Kimmel*, No. 07 Civ. 108,

    2007 WL 1756383 (N.D.N.Y. June 18, 2007) .................................................................... 7, 9

*John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*, No. 11 Civ. 5453 (CM), 2011 WL 5245192

    (S.D.N.Y. Nov. 2, 2011) ......................................................................................................... 9

*Josie Maran Cosmetics, LLC v. Shefa Group LLC*, 624 F. Supp. 3d 281 (E.D.N.Y. 2022) .......... 7

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) .............................................................. 4

*Nat'l Academy of Television Arts & Sciences, Inc. v. Multimedia System Design, Inc.*, 551 F.

    Supp. 3d 408 (S.D.N.Y. 2021) ............................................................................................... 7

*Perez v. Ledesma*, 401 U.S. 82 (1971) .......................................................................................... 8

*Rand v. Travelers Indemnity Co.*, 637 F. Supp. 3d 55 (S.D.N.Y. 2022) ...................................... 10

*Selevan v. N.Y. Thruway Authority*, 584 F.3d 82 (2d Cir. 2009) ................................................... 5

*Sierra Club v. EPA*, 955 F.3d 56 (D.C. Cir. 2020) ....................................................................... 11

*Soundboard Ass'n v. FTC*, 888 F.3d 1261 (D.C. Cir. 2018) ......................................................... 11

*Spotless Enterprises Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203 (E.D.N.Y. 2006) .......... 13

*Summerville v. Gotham Comedy Foundation, Inc.*, No. 24 Civ. 1484 (ER), 2025 WL 588644

    (S.D.N.Y. Feb. 24, 2025) ...................................................................................................... 12

*Tennenbaum Living Trust v. GCDI S.A.*, 20 Civ. 6938 (JPC) (JLC), 2023 WL 5048127 (S.D.N.Y.

    Aug. 8, 2023) .......................................................................................................................... 8

*Texas v. United States*, 523 U.S. 296 (1998) ............................................................................... 12

*Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568 (1985) ............................... 12

*Torres v. City of New York*, 590 F. Supp. 3d 610 (S.D.N.Y. 2022)................................................ 12

*Walsh v. Peters*, No. 18 Civ. 2933 (GLR), 2021 WL 1662467 (D. Md. Apr. 28, 2021).............. 11

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ........................................................................... 6

*Yanker v. Zoomcar, Inc.*, No. 23 Civ. 6847 (SHS), 2024 WL 4202698

 (S.D.N.Y. Sept. 16, 2024) ........................................................................................................ 6


**Statutes**

5 U.S.C. § 704 ................................................................................................................................ 11

5 U.S.C. § 706(2)(A) ..................................................................................................................... 11

15 U.S.C. § 18a ............................................................................................................................... 2

28 U.S.C. § 1331 ........................................................................................................................... 10

28 U.S.C. § 2201 ........................................................................................................................... 10

28 U.S.C. § 2201(a) ........................................................................................................................ 5


**Other Authorities**

HSR Informal Interpretation 2105006, https://www.ftc.gov/legal-library/browse/hsr-informal-
 interpretations/2105006 (last visited April 22, 2025) ............................................................. 11

**Rules**

Fed. R. Civ. P. 12(b)(1)................................................................................................................ 1, 4

Fed. R. Civ. P. 12(b)(6)................................................................................................................ 1, 5

Fed. R. Civ. P. 25(d) ....................................................................................................................... 1

## PRELIMINARY STATEMENT

Defendants Abigail Slater, in her official capacity as Assistant Attorney General of the United States for the Antitrust Division;[1] the United States Department of Justice ("DOJ"); the Federal Trade Commission ("FTC"); and the United States of America, by their attorney, Jay Clayton, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to dismiss the complaint (ECF No. 1) ("Compl.") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

On January 14, 2025, the DOJ Antitrust Division commenced an enforcement action before this Court against the plaintiff in this case, KKR & Co. GP LLC, and related entities, alleging violations of the Hart-Scott-Rodino Act's ("HSR Act's") premerger review process. Two days later, KKR filed this suit for declaratory relief, marking the action as related to the enforcement action and, consequently, placing it before this Court. KKR seeks, in sum and substance, a declaration that it did not violate the premerger filing requirements the Antitrust Division seeks to enforce.

The Court should decline to entertain KKR's complaint. Courts have broad discretion whether to exercise jurisdiction over claims for declaratory relief, and they routinely decline jurisdiction where, as here, the declaratory judgment claims are duplicative of claims already before the Court. This action merely presents defenses that KKR can raise in the enforcement proceedings—indeed, it recently has raised them in its motion to dismiss the Antitrust Division's complaint. Consequently, adjudicating this action will not serve a useful purpose in clarifying or

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Assistant Attorney General Slater is automatically substituted for former Acting Assistant Attorney General Doha Mekki as a defendant in this matter.

settling the legal issues raised in the enforcement action, which is the proper proceeding in which to determine whether KKR complied with its obligations under antitrust law.

Moreover, even if the Court were to exercise jurisdiction, KKR's claims should be dismissed because the complaint fails to state cognizable claims for declaratory relief.  In the alternative, if the Court exercises its jurisdiction and determines that KKR states cognizable claims for declaratory relief, the balance of equities tips decisively in favor of staying this action pending resolution of the Antitrust Division's enforcement action.

Accordingly, the government's motion should be granted.

## **BACKGROUND**

On January 14, 2025, the Antitrust Division filed an Enforcement Action in this District against 15 KKR entities.  In its complaint, the Antitrust Division alleges that, on at least 16 separate occasions, KKR violated the HSR Act, which requires parties to transactions above a certain size to submit a premerger filing to the Antitrust Division and the FTC.  15 U.S.C. § 18a.  According to the Antitrust Division's complaint, KKR: (i) failed to turn over required business documents for at least ten deals; (ii) altered documents for at least eight transactions before submitting them to the antitrust agencies; and (iii) failed to make any premerger HSR filings before consummating a qualifying transaction on at least two occasions.  25 Civ. 343 (JHR) (S.D.N.Y.), ECF No. 1 ("Enforcement Action Compl.") ¶ 13; *see also id.* ¶¶ 14–39, 66–143 (alleging specific violations of the HSR Act).  Based on these alleged violations, the Antitrust Division seeks civil penalties as provided for by statute and regulation, injunctive relief to prevent KKR from violating the HSR Act in the future, and other equitable relief to remediate KKR's violations of the Act.  *Id.* ¶ 144.

Two days later, on January 16, 2025, KKR filed this declaratory judgment action.[2] According to KKR, "the Antitrust Division has threatened [an] act of agency overreach: the imposition of draconian and grossly disproportionate penalties on KKR based on alleged pre-merger paperwork errors [in KKR's HSR Act filings] that were immaterial to antitrust clearance." Compl. ¶ 1.  KKR asserts that "[t]he Antitrust Division's threatened actions have no legitimate basis," *id.* ¶ 2, and, among other things, it alleges that the specific premerger filings at issue in the Enforcement Action did not violate the HSR Act, *see id.* ¶¶ 46–62.  KKR's complaint seeks: (i) a declaratory judgment that it did not violate the HSR Act, *id.* ¶¶ 63–72; (ii) a declaratory judgment that "[t]he Antitrust Division's and the FTC's current interpretations of [certain HSR Act] filing requirements"—which formed the basis for claims in the Enforcement Action—"are internally inconsistent and unconstitutionally vague," *id.* ¶¶ 73–83; and (iii) a declaratory judgment that the penalties KKR expects the Antitrust Division to seek in the Enforcement Action would constitute an excessive fine in violation of the Fifth and Eighth Amendments, *id.* ¶¶ 84–97.

KKR also filed a statement asserting that this action was related to the Antitrust Division's Enforcement Action because "[e]ach of these actions involves the same parties and (i) arises from closely related transactions, happenings, or events; and (ii) calls for determination of some of the same or substantially related or similar questions of law and fact."  Stmt. of Relatedness (ECF No. 3) at 2.  The Court accepted the matter as related to the Enforcement Action on January 21, 2025.  On March 17, 2025, it simultaneously extended by 30 days the deadlines for the defendants in both cases to answer or otherwise respond to the complaints.  ECF No. 23.

---

[2] KKR filed this same complaint in the U.S. District Court for the District of Columbia on January 14, 2025.  25 Civ. 96 (JMC) (D.D.C.), ECF No. 1.  On January 16, 2025, KKR voluntarily dismissed the D.D.C. action and announced that KKR would be "refiling its complaint in the Southern District of New York."  25 Civ. 96 (JMC) (D.D.C.), ECF No. 6.

KKR moved to dismiss the complaint in the Enforcement Action on April 17, 2025.  25 Civ. 343 (JHR), ECF Nos. 30, 31.  Echoing its declaratory judgment complaint in this matter, its brief asserts three grounds for dismissal.  First, KKR argues that, with respect to the transactions at issue, it substantially complied with the premerger filing requirements, and any material it failed to submit was not necessary for the antitrust authorities' evaluation of a given transaction.  KKR Mem. Law in Support of Mot. to Dismiss (25 Civ. 343 (JHR), ECF No. 31) ("KKR Enforcement Action MTD Br.") 9–12.  Next, it argues that the FTC regulations implementing the HSR Act exceed the statutory authority granted by the HSR Act both facially and as applied to the relevant transactions, *see id.* 13–20, and that those same regulations also are "unconstitutionally vague and arbitrarily applied," *see id.* 20–26.  In making the latter argument, KKR also states that the penalty "the government contends that KKR may be liable for . . . exceeds constitutional limits, and underscores the arbitrary nature of this action."  *Id.* 25–26.  Finally, it seeks dismissal of two specific claims on the ground that the relevant transactions were not "acquisitions" under the HSR Act, and that the Act's premerger filing requirements therefore do not apply.  *See id.* 26–31.

## ARGUMENT

### A.    Standards of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence," *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005), and jurisdiction "must be shown affirmatively," not merely by the court "drawing from the pleadings inferences favorable to the" plaintiff, *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003).

Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  In considering a Rule 12(b)(6) motion, a court must "assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'"  *Selevan v. N.Y. Thruway Authority*, 584 F.3d 82, 88 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Allegations that are "no more than conclusions[] are not entitled to the assumption of truth," and "'naked assertions' devoid of 'further factual enhancement'" are not sufficient to show that a plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 678–79 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Nor must a court accept as true "legal conclusions" or "a legal conclusion couched as a factual allegation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

**B.    The Court Should Decline to Exercise Jurisdiction Over This Action**

At the threshold, the Court should decline to exercise jurisdiction over this matter because the issues it presents are merely duplicative of the issues before the Court in the Enforcement Action.

"The Declaratory Judgment Act, by its express terms, vests a district court with discretion to exercise jurisdiction over a declaratory action."  *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005); *see* 28 U.S.C. § 2201(a) ("any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration" (emphasis added)).  Accordingly, the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather

than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995) (quotation marks omitted).

"In order to decide whether to entertain an action for declaratory judgment," the Second Circuit has "instructed district courts to ask: (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade*, 411 F.3d at 389; *accord Admiral Insurance Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99 (2d Cir. 2023). Even when one or both of those factors are present, however, "district courts retain broad discretion to decline jurisdiction under the [Declaratory Judgment Act]." *Admiral Insurance*, 57 F.4th at 99 (quotation marks omitted). "In addition, a court may consider '(1) whether the proposed remedy is being used merely for "procedural fencing" or a "race to res judicata"; (2) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (3) whether there is a better or more effective remedy.'" *Amusement Industry, Inc. v. Stern*, 693 F. Supp. 2d 301, 311 (S.D.N.Y. 2010) (quoting *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359–60 (2d Cir. 2003)). Finally, courts may consider "whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction." *Admiral Insurance*, 57 F.4th at 100 (quotation marks omitted).

These factors weigh against exercising jurisdiction here. A declaratory judgment in this case will not "serve a useful purpose in clarifying or settling the legal issues involved," because KKR's claims are "functionally duplicative" of the claims and defenses implicated by the Enforcement Action. *Yanker v. Zoomcar, Inc.*, No. 23 Civ. 6847 (SHS), 2024 WL 4202698, at *5 (S.D.N.Y. Sept. 16, 2024). Put another way, this action "seek[s] to resolve legal and factual issues indistinguishable from those raised by [the Enforcement Action Complaint], which will be litigated

to judgment." *Josie Maran Cosmetics, LLC v. Shefa Group LLC*, 624 F. Supp. 3d 281, 289 (E.D.N.Y. 2022) (citation and quotation marks omitted; first alteration in original).

KKR's first claim for declaratory relief—that the premerger filings at issue in the Enforcement Action did not violate the HSR Act, *see* Compl. ¶¶ 63–72—goes to the very heart of the Enforcement Action. "Thus, entertaining a declaratory judgment would be redundant to the claim[s] already pending." *Interscope Records v. Kimmel*, No. 07 Civ. 108, 2007 WL 1756383, at *4 (N.D.N.Y. June 18, 2007) (declining to entertain counterclaim seeking declaration that defendants did not "violate[] the rights of the copyright owners" because "whether Defendants' conduct violated Plaintiffs' copyrights is a part of Plaintiffs' claims which are already before the Court"). Indeed, KKR's motion to dismiss the Enforcement Action Complaint presents exactly these arguments. *See* KKR Enforcement Action MTD Br. 9–12. KKR's second claim—challenging the interpretations of the HSR Act and related regulations upon which the claims in the Enforcement Action are based, *see* Compl. ¶¶ 73–83—is, at bottom, an affirmative defense to the claims in the Enforcement Action, *see Nat'l Academy of Television Arts & Sciences, Inc. v. Multimedia System Design, Inc.*, 551 F. Supp. 3d 408, 430 (S.D.N.Y. 2021) ("[a] counterclaim seeking a declaratory judgment may be dismissed if it is duplicative of the counterclaimants' affirmative defenses" or "does not broaden the scope of the dispute"). Indeed, KKR has moved to dismiss the Enforcement Action on this ground. *See* KKR Enforcement Action MTD Br. 12–26. And KKR's final claim for declaratory relief—challenging the Antitrust Division's anticipated penalties as unconstitutional, *see* Compl. ¶¶ 84–97—is inextricably intertwined with the Enforcement Action, because no issues concerning penalties could possibly arise absent a judgment in the Antitrust Division's favor on its enforcement claims. Moreover, this claim is inherently speculative because the Antitrust Division has yet to seek or obtain penalties in any

specific amount; thus, the claim's resolution could not clarify or settle any issues independent of the outcome of the Enforcement Action. *See, e.g.*, *Tennenbaum Living Trust v. GCDI S.A.*, 20 Civ. 6938 (JPC) (JLC), 2023 WL 5048127, at *1 (S.D.N.Y. Aug. 8, 2023) (defendant's "unsupported speculation . . . does not establish that declaratory relief would serve a useful purpose in this case"). And, yet again, this claim merely presents a defense that KKR has raised in the Enforcement Action. *See* KKR Enforcement Action MTD Br. 25–26.

The Court should also decline to exercise jurisdiction because KKR's filing of this action constitutes "procedural fencing" and a "race to res judicata." *Amusement Industry*, 693 F. Supp. 2d at 311. The language of KKR's complaint makes clear that it commenced this refiled action in response to the Antitrust Division's "threatened" enforcement action. Compl. ¶¶ 1, 2; *see also id.* ¶ 71 ("On information and belief, Defendants intend imminently to file a civil enforcement action based on alleged violations of the HSR Act."). But "[t]he federal declaratory judgment is not a prize to the winner of a race to the courthouses." *Perez v. Ledesma*, 401 U.S. 82, 119 n.12 (1971) (Brennan, J., dissenting). And here, regardless of which lawsuit was filed first,[3] the case law supports dismissing *this* action. In general, "the first suit"—here, the Enforcement Action— "should have priority." *Employers Ins. of Wausau v. Fox Entertainment Group, Inc.*, 522 F.3d 271, 274 (2d Cir. 2008). But courts give priority to the second suit if the first is "an improper anticipatory declaratory judgment action." *Id.* at 275; *see also Dish Network, L.L.C. v. American Broadcasting Companies, Inc.*, No. 12 Civ. 4155 (LTS) (KNF), 2012 WL 2719161, at *2 (S.D.N.Y. July 9, 2012) ("An improper anticipatory lawsuit is one made under the apparent threat

---

[3] As explained above, the Antitrust Division commenced the enforcement action on January 14, 2025, and KKR filed a declaratory judgment action in the District of Columbia the same day. On January 16, 2025, KKR voluntarily dismissed its D.D.C. action and filed this matter—two days after the Antitrust Division commenced the enforcement action.

of a presumed adversary filing the mirror image of that suit in another court.").  That too supports

dismissing this action.  "Where a pending coercive action, filed by the natural plaintiff, would

encompass all the issues in the declaratory judgment action, the policy reasons underlying the

creation of the extraordinary remedy of declaratory judgment are not present, and the use of that

remedy is unjustified."  *AmSouth Bank v. Dale*, 386 F.3d 763, 787 (6th Cir. 2004).  Otherwise,

defendants in enforcement actions could "turn every case in which there is a defense into two

cases."  *Buntrock v. SEC*, 347 F.3d 995, 997 (7th Cir. 2003).

That is precisely what KKR is attempting to do here.  Its claims for declaratory relief

amount to defenses and counterarguments that it can raise—and, in its motion to dismiss, has

raised—in the Enforcement Action.  *Compare* Compl. *with* KKR Enforcement Action MTD Br.

That is why "[t]he anticipation of defenses is not ordinarily a proper use of the declaratory

judgment procedure."  *John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*, No. 11 Civ. 5453 (CM),

2011 WL 5245192, at *7 (S.D.N.Y. Nov. 2, 2011) (quotation marks omitted).  "In defending"

against the Antitrust Division's enforcement claims, KKR "is free to raise the issues that make up"

its claims for declaratory relief; here, it is "simply attempting to recast [itself] as the Plaintiff."

*Interscope Records*, 2007 WL 1756383, at *5.

For all these reasons, "there is a better or more effective remedy" available than declaratory

relief: litigating the totality of KKR's and the Antitrust Division's claims and defenses in the

Enforcement Action.  *Amusement Industry*, 693 F. Supp. 2d at 311.  Indeed, "concerns for judicial

efficiency and judicial economy favor" that approach, *Admiral Insurance*, 57 F.4th at 100, because

otherwise this Court will be forced to adjudicate the same issues in two separate cases operating

on their own separate schedules.  To avoid that unnecessary and inefficient outcome, and in its

"broad discretion," *id.*, the Court should decline to exercise jurisdiction over this action and dismiss it.

### C.    If the Court Exercises Its Jurisdiction, It Should Dismiss KKR's Claims

If the Court were to exercise jurisdiction over this action, KKR's claims should nonetheless be dismissed for failure to state cognizable claims for declaratory relief. "The Declaratory Judgment Act, 28 U.S.C. § 2201, does not create an independent cause of action." *Rand v. Travelers Indemnity Co.*, 637 F. Supp. 3d 55, 72 (S.D.N.Y. 2022); *accord Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012). Rather, the Act "is procedural only," meaning that a plaintiff may seek declaratory relief only "based on other laws that the defendant allegedly violated." *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993); *see also Baez-Fernandez v. I.N.S.*, 385 F. Supp. 2d 292, 296 (S.D.N.Y. 2005) (the Act "does not itself enlarge the jurisdiction of the federal courts"). Thus, KKR's underlying claims "must 'aris[e] under the Constitution, laws, or treaties of the United States.'" *Estrella v. Menifee*, 275 F. Supp. 2d 452, 461 (S.D.N.Y. 2003) (quoting 28 U.S.C. § 1331).

KKR's complaint fails to state cognizable claims under any source of law. Its claims seek a "declaratory judgment" without identifying a cause of action. *See* Compl. ¶¶ 23–26. This defect alone requires dismissal. The Declaratory Judgment Act authorizes a remedy but does not create a cause of action under which plaintiffs can sue. *See Naranjo*, 667 F.3d at 244. Because KKR does not identify any cause of action, the Court must dismiss. *See American Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 59–60 (2d Cir. 2016) ("[A] plaintiff must have a cause of action under the applicable statute.").

Furthermore, to the extent KKR attempts to rely on the Administrative Procedure Act ("APA"), that attempt is unavailing. KKR asks the Court to conclude that both the Antitrust

Division's Enforcement Action and certain informal interpretations provided by staff in the FTC's Premerger Notification Office are "arbitrary and capricious." Compl. ¶¶ 68, 82; *see* 5 U.S.C. § 706(2)(A). But neither the Enforcement Action nor the FTC staff's informal interpretations constitute "final agency action" subject to APA review. 5 U.S.C. § 704. Courts routinely hold that the filing of an enforcement action is not reviewable under the APA. *See, e.g.*, *FTC v. Standard Oil Co.*, 449 U.S. 232, 239 (1980) (FTC's filing of an administrative complaint was not a "final agency action"); *City of Oakland v. Holder*, 901 F. Supp. 2d 1188, 1195 (N.D. Cal. 2013) ("the filing of a civil action" was neither an agency action nor final under the APA), *aff'd sub nom. City of Oakland v. Lynch*, 798 F.3d 1159 (9th Cir. 2015); *Walsh v. Peters*, No. 18 Civ. 2933 (GLR), 2021 WL 1662467, at *7 (D. Md. Apr. 28, 2021) (filing of a lawsuit was not a final agency action); *Endo Pharmaceuticals Inc. v. FTC*, 345 F. Supp. 3d 554, 560 (E.D. Pa. 2018) ("[E]ven if the [FTC] 'consummated' its decisionmaking by filing the enforcement action, the decision is not final because it does not determine any rights or obligations and has no legal consequences.").

Nor are the FTC staff's informal interpretations of the HSR Act's filing requirements reviewable final agency actions. *See, e.g.*, *Soundboard Ass'n v. FTC*, 888 F.3d 1261, 1263 (D.C. Cir. 2018) (FTC "staff opinion letter . . . is not final agency action"); *Sierra Club v. EPA*, 955 F.3d 56, 65 (D.C. Cir. 2020) (guidance document "non-final" under the APA). To the contrary, each informal interpretation expressly disclaims carrying the force of law. *See, e.g.*, HSR Informal Interpretation 2105006, https://www.ftc.gov/legal-library/browse/hsr-informal-interpretations/2105006 (last visited April 22, 2025) ("You should not rely on them as a substitute for reading the Act and the Rules themselves. These materials do not, and are not intended to, constitute legal advice."). Because KKR's claims are not justiciable under the APA, the complaint fails to state a claim for declaratory relief.

Finally, KKR's challenge to the constitutionality of potential fines in the Enforcement Action is unripe. "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580–81 (1985)). Relevant here, "Eighth Amendment challenges," such as KKR's challenge to the penalties it might face in the Enforcement Action, "are generally not ripe until the imposition, or immediately impending imposition, of a challenged punishment or fine." *Torres v. City of New York*, 590 F. Supp. 3d 610, 629 (S.D.N.Y. 2022) (quoting *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995)); *see also Summerville v. Gotham Comedy Foundation, Inc.*, No. 24 Civ. 1484 (ER), 2025 WL 588644, at *5 (S.D.N.Y. Feb. 24, 2025) (declining to rule on the constitutionality of a statutory penalty; "the assessment of damages is premature when no damages have been awarded"). Indeed, until a court determines liability and the nature of KKR's conduct, its challenge to the excessiveness of a potential fine remains purely hypothetical. KKR's claim for declaratory judgment concerning the constitutionality of potential penalties in the Enforcement Action is therefore not ripe for review.

## D.  In the Alternative, the Court Should Stay This Case Pending Resolution of the Antitrust Division's Enforcement Action

Finally, even if the Court were to assume jurisdiction over this action and determine that the complaint presents cognizable claims for declaratory relief, it should nonetheless stay the matter pending resolution of the Antitrust Division's Enforcement Action.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) ("The decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion."). "The power to [stay

12

or] dismiss a duplicative lawsuit is meant to foster judicial economy and the comprehensive disposition of litigation" and "to protect parties from the vexation of concurrent litigation over the same subject matter." *Curtis*, 226 F.3d at 138 (quotation marks omitted). "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Id.* In general, however, a suit is duplicative and subject to dismissal when "the same proof is needed to support the claims in both suits or, in other words, [when] facts essential to the second suit were present in the first suit." *Id.* at 139; *accord Spotless Enterprises Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205 (E.D.N.Y. 2006) (duplicative suits "have identical or substantially similar parties and claims" (citing *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 116–17 (2d Cir. 1992))).

All these considerations support staying this litigation if the Court declines to dismiss it. As explained in Point B above, KKR's claims for declaratory relief are duplicative of the issues that will, by necessity, arise and be adjudicated in the Enforcement Action. Its first claim merely mirrors the Enforcement Action by seeking a declaration that it is not liable for the HSR Act violations the Antitrust Division alleges, *see* Compl. ¶¶ 63–72; the second presents the affirmative defense that the FTC regulations implementing the HSR Act are deficient, constitutionally and otherwise, *see id.* ¶¶ 73–83; and the third claim, challenging the penalties to which KKR might potentially be exposed, is wholly intertwined with the Enforcement Action's outcome, *see id.* ¶¶ 84–97. Thus, "the same proof is needed to support the claims in both suits," *Curtis*, 226 F.3d at 139, and, at the very least, the claims are "substantially similar," *Spotless Enterprises*, 415 F. Supp. 2d at 205. Indeed, all the claims KKR makes in its complaint also appear in its motion to dismiss the Enforcement Action.

The "equities of the situation" also weigh decisively in favor of staying this action if the Court decides not to dismiss it.  *Curtis*, 226 F.3d at 138.  Otherwise, the same components of the government will be subjected to "the vexation of concurrent litigation over the same subject matter."  *Id.* (quotation marks omitted).  The Court, too, will be required to manage and dispose of two cases presenting essentially the same issues arising from a common nucleus of facts—a situation that in no way promotes judicial economy.  *See id.*  By contrast, and as underscored by its recent motion to dismiss, KKR will not be harmed by a stay—the issues it seeks to litigate here are already properly before this Court in the Enforcement Action.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the complaint should be dismissed or, in the alternative, stayed pending the resolution of the Antitrust Division's Enforcement Action.

Dated: New York, New York
        April 23, 2025

                                        Respectfully submitted,

                                        JAY CLAYTON
                                        United States Attorney
                                        Southern District of New York

                                By:   */s/ Rachel Kroll*_____
                                        CHRISTOPHER K. CONNOLLY
                                        RACHEL KROLL
                                        Assistant United States Attorneys
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Telephone: (212) 637-2761 /2765
                                        E-mail: christopher.connolly@usdoj.gov
                                                rachel.kroll@usdoj.gov

**Certificate of Compliance**

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 4,392 words.