quinn emanuel trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8120**

WRITER'S EMAIL ADDRESS
**williamburck@quinnemanuel.com**

<u>VIA ECF</u>

May 13, 2025

The Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007

Re: *KKR & Co. GP LLC v. Slater et al.*, 25-cv-448, [rel. 25-cv-343-JHR]
<u>Motion to Stay Counts II and III of the Complaint</u>

Dear Judge Rearden:

We write on behalf of KKR & Co. GP LLC, the plaintiff in this case, *KKR & Co. GP LLC v. Slater et al.*, 25-cv-448 (the "Declaratory Judgment Action"), and KKR & Co. Inc. and its affiliates ("KKR"), defendants in a related case, *United States v. KKR & Co. Inc. et al.*, 25-cv-343 (the "Enforcement Action"). Pursuant to Rule 5.I of Your Honor's Individual Rules and Practices, KKR respectfully requests that the Court enter the parties' proposed joint stipulation of partial dismissal of the Declaratory Judgment Action, which was filed contemporaneously with this letter motion, and stay the remaining claims in the Declaratory Judgment Action pending the Court's resolution of KKR's motion to dismiss the government's complaint in the Enforcement Action. Defendants in the Declaratory Judgment Action consent to the requested stay.

On January 14, 2025, the government filed a Complaint in the Enforcement Action alleging certain errors in KKR's filings under the Hart-Scott-Rodino Antitrust Improvements Act of 1976

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

("the HSR Act"). On January 16, 2025, KKR & Co. GP LLC filed a Complaint in the Declaratory Judgment Action against Doha Mekki in her official capacity as Acting Assistant Attorney General of the United States for the Antitrust Division[1], the Department of Justice, the Federal Trade Commission, and the United States of America seeking declarations that KKR did not violate the HSR Act (Count I), that the government's HSR guidance is unconstitutionally vague (Count II), and that the fines the government seeks in the Enforcement Action are unconstitutionally excessive (Count III).

On April 17, 2025, KKR moved to dismiss the Enforcement Action. ECF No. 31, *United States v. KKR & Co. Inc. et al.*, 25-cv-343. That motion remains pending and will be fully briefed by June 2, 2025. ECF No. 79. On April 23, 2025, Defendants in the Declaratory Judgment Action moved to dismiss that matter. ECF No. 25, *KKR & Co. GP LLC v. Slater et al.*, 25-cv-448. Contemporaneous with this letter motion, the parties filed a joint stipulation to voluntarily dismiss Count I of the Declaratory Judgment Action without prejudice pursuant to Rule 41(a)(1)(A)(ii). ECF No. 29, *KKR & Co. GP LLC v. Slater et al.*, 25-cv-448.

To obviate the need to proceed with the pending motion to dismiss the Declaratory Judgment Action (ECF No. 25) at this time and otherwise conserve both the Court's and the parties' resources, KKR respectfully requests that the Court so order the joint stipulation and stay Counts II and III of the Declaratory Judgment Action while the Court resolves KKR's motion to dismiss the Enforcement Action. In consenting to this motion to stay, Defendants reserve their rights to seek dismissal of the remaining claims in the Declaratory Judgment Action in the event KKR seeks to proceed with them; and the government reserves its right to move to dismiss, or

---

[1] Abigail Slater was confirmed on March 12, 2025, as Assistant Attorney General for the Antitrust Division, and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

-3-

otherwise assert defenses to, any counterclaims KKR asserts in the Enforcement Action. Finally, if this motion to stay is granted, the parties propose submitting a joint status letter within 30 days of the Court's resolution of KKR's motion to dismiss the Enforcement Action, providing their position(s) on the appropriate next steps in the Declaratory Judgment Action.

\*       \*       \*

Accordingly, and with Defendants' consent, KKR requests that the Court enter an Order staying Counts II and III in the Declaratory Judgment Action while the Court resolves KKR's motion to dismiss the Enforcement Action.

Sincerely,

 /s/ William A. Burck 
William A. Burck

cc:     Counsel of Record